Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/01/2019 09:07 AM CST

State of Nebraska, appellee, v.
Colton W. Sievers, appellant.
___ N.W.2d ___

Filed December 7, 2018.    No. S-17-518.

SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County: Robert
R. Otte, Judge. Supplemental opinion: Former opinion modified. Motion for rehearing overruled.

Joseph D. Nigro, Lancaster County Public Defender, and
Nathan J. Sohriakoff for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman,
and, on brief, Joe Meyer for appellee.

Heavican, C.J., Miller-Lerman, Cassel, and Stacy, JJ.,
and Moore, Chief Judge, and Arterburn, Judge, and Doyle,
District Judge.

Per Curiam.
This case is before this court on the appellant's motion for
rehearing concerning our opinion in *State v. Sievers*.[1] After
reviewing the brief on rehearing, we requested supplemental
briefing from both parties, which we have considered. We
now overrule the motion, but we modify the original opinion
as follows:

---

[1] *State v. Sievers*, 300 Neb. 26, 911 N.W.2d 607 (2018).

(1) We withdraw the first sentence of the first paragraph under the heading "ANALYSIS"[2] and substitute the following: "The issue presented is whether the stop of Sievers to prevent the truck from leaving with any stolen items from the residence that the truck had just left, a residence for which a search warrant was being sought, violated Sievers' Fourth Amendment rights."

The remainder of the original paragraph remains unmodified.

(2) We withdraw the entirety of the paragraph immediately preceding the subheading "Gravity of Public Concern"[3] and substitute the following:

Here, even though there was no evidence that Sievers committed any traffic violation before his stop, the officer directing the stop was "not acting randomly in deciding that the only" vehicle emerging from the target residence should be stopped.[4] Instead, the officer decided to authorize the stop based on the fresh, firsthand information he had of the presence of stolen guns, money, and a large quantity of methamphetamine at the target residence, the near contemporaneous observation of the pickup at the residence after it was identified by the informant, and the fact the pickup was present there for only a short time. In this complex of special law enforcement concerns, the officer had compelling reasons to ask questions of the driver of the sole vehicle departing from the target residence and the facts relied upon to stop the truck make the application of the *Brown*[5] balancing test appropriate.

(3) We withdraw the entirety of the last two paragraphs immediately preceding the heading "CONCLUSION"[6] and substitute the following:

---

[2] *Id*. at 33-34, 911 N.W.2d at 613-14.

[3] *Id*. at 40, 911 N.W.2d at 617.

[4] See *U.S. v. Brewer*, 561 F.3d 676, 679 (7th Cir. 2009).

[5] *Brown v. Texas*, 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979).

[6] *Sievers, supra* note 1, 300 Neb. at 46, 911 N.W.2d at 620-21.

Although our reasoning differs from that of the district court, when all of the factors are weighed, we conclude that the stop was reasonable under *Brown*.[7] In reaching this conclusion, we find that the officer at the hub of the collective intelligence gathered, taking into account the totality of the circumstances, had reasonable, objective bases for believing the truck had evidence of criminal activity even though no law violation was observed.

While Sievers conceded that the determination of whether an officer has a constitutional basis to stop and question an individual depends on the "totality of the circumstances . . . determined on a case by case basis,"[8] he contended there was no specific and articulable facts sufficient to give rise to reasonable suspicion that Sievers had committed or was committing a crime.

However, "[a]rticulating precisely what 'reasonable suspicion' and 'probable cause' mean is not possible. They are commonsense, nontechnical conceptions that deal with '"the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."'"[9] "As such, the standards are 'not readily, or even usefully, reduced to a neat set of legal rules.'"[10] A particularized and objective basis for stopping a vehicle, which is believed to be engaged in or about to engage in criminal activity, is present when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found."[11]

---

[7] *Brown, supra* note 5.

[8] Brief for appellant at 7.

[9] *Ornelas v. United States*, 517 U.S. 690, 695, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996) (quoting *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).

[10] *Id.*, 517 U.S. at 695-96.

[11] *Id.*, 517 U.S. at 696.

Under the totality of the circumstances and the individualized and specific knowledge of the criminal activity afoot and its grave risk to public safety, it was reasonable for the officer to infer the driver of the truck had information about criminal activity in the target residence and that the truck may contain evidence of criminal activity and to direct the stop of the truck.

Despite the unusual circumstances here, the totality of these circumstances arising from the critical mass of law enforcement concerns was sufficient to justify this investigatory stop. We reach this conclusion only after ensuring the officers' conduct was based on compelling reasons, was part of a specific purposeful plan, was narrow in scope, and was reasonable under the totality of the circumstances, as well as the fact that Sievers' privacy interests were not subject to an arbitrary invasion at the unfettered discretion of officers in the field.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

WRIGHT and FUNKE, JJ., not participating.